**GRAHAM CURTIN**
A Professional Association
Four Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
Tel: (973) 292-1700 Fax: (973) 292-1767
*Attorneys for Defendant*
**Associated Credit Services, Inc.**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PAMELA STOKES,**              ) </br> ) </br>     **Plaintiff,**     ) </br> ) </br>  vs.                        ) </br> ) </br> **ASSOCIATED CREDIT SERVICES, INC.,** ) </br> ) </br>     **Defendant.**    ) </br> ) | **Civil Action No. 2:10-cv-04250** |

**ANSWER OF DEFENDANT ASSOCIATED CREDIT SERVICES, INC.**
**TO PLAINTIFF'S COMPLAINT**

Now comes Defendant Associated Credit Services, Inc. ("Defendant"), by counsel, and for its Answer to Plaintiff's Complaint, provides as follows:

**FIRST DEFENSE**

1. Admitted that this case is an action brought by Plaintiff under the Fair Debt Collection Practices Act ("FDCPA"). All remaining allegations contained in paragraph 1 of Plaintiff's Complaint are denied.

2. Admitted that this Court has jurisdiction over Plaintiff's federal claims. All other allegations contained in paragraph 2 of Plaintiff's Complaint are denied.

3. Admitted.

4. The allegations contained in Paragraph 4 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the allegations are denied.

5. The allegations contained in Paragraph 5 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the allegations are denied.

6. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and therefore denies said allegations.

7. Admitted.

8. Admitted that under certain circumstances, Defendant may fall under the definition of "debt collector" as that term is defined in the FDCPA. All remaining allegations contained in paragraph 8 of Plaintiff's Complaint are admitted.

9. Denied.

10. Denied.

11. Denied.

12. Admitted that on or about January 25, 2010, Defendant mailed Plaintiff the correspondence attached to the Complaint as Exhibit A. Further admitted that the correspondence speaks for itself. All remaining allegations contained in paragraph 12 of Plaintiff's Complaint are denied.

13. Admitted that on February 8, 2010, Defendant received correspondence from Plaintiff. Further admitted that the correspondence speaks for itself. All remaining allegations contained in paragraph 13 of Plaintiff's Complaint are denied.

14. Admitted that the correspondence attached to the Complaint as Exhibit C speaks for itself. All remaining allegations contained in paragraph 14 of Plaintiff's Complaint are denied.

15. All allegations incorporated by reference in paragraph 15 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

16. The allegations contained in Paragraph 16 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the allegations are denied.

17. The allegations contained in Paragraph 17 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the allegations are denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. All allegations incorporated by reference in paragraph 22 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

23. The allegations contained in Paragraph 23 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the allegations are denied.

24. Denied.

25. Denied.

26. Denied.

27. All other allegations in the Complaint not otherwise specifically admitted or denied herein are denied.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

## ADDITIONAL DEFENSES

1. Plaintiff failed to state a claim upon which relief can be granted.

2. Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3. At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

4. Plaintiff failed to mitigate his damages.

5. At all times Defendant acted in good faith.

6. Defendant did not make any false or misleading representation to Plaintiff or anyone else.

7. Plaintiff did not justifiably rely upon any alleged false or misleading representation.

## L. CIV. R. 11.2 DECLARATION

Pursuant to Local Civil Rule 11.2 and 28 U.S.C. §1746, the undersigned member of the bar of this Court hereby declares that the matter in controversy is not presently the subject of any other action pending in any other Court, or of any pending arbitration or administrative proceeding.

                                            GRAHAM CURTIN
                                            A Professional Association
                                            Attorneys for Defendant


                                            By:  s/David M. Blackwell
                                                 DAVID M. BLACKWELL

Dated: September 13, 2010

1047217_1

## **CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P. 5 and 28 U.S.C. §1746, the undersigned member of the bar of this Court hereby declares that one (1) true copy of the foregoing Answer and Separate Defenses, together with this declaration of service, was served via Electronic Filing upon counsel of record for plaintiff addressed as follows:

> Joseph K. Jones
> Law Offices Of Joseph K. Jones, LLC
> 375 Passaic Avenue
> Suite 100
> Fairfield , NJ 07004
> (973) 227-5900
> Email: jkj@legaljones.com
> Attorney for Plaintiff

The undersigned hereby declares under penalty of perjury that the foregoing declaration of service is true and correct.

                                             ____   s/David M. Blackwell_____
                                                      DAVID M. BLACKWELL

Dated: September 13, 2010